

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAROD JONES,

    Plaintiff,

v.     Civil Action No. 3:09CV754–HEH

CITY OF VIRGINIA BEACH, *et al.*,

    Defendants.

## MEMORANDUM OPINION
(Granting Letter Motion to Amend; Dismissing Action Without Prejudice)

This is a civil rights action for monetary damages and injunctive relief pursuant to 42 U.S.C. § 1983. Plaintiff, a Virginia inmate, alleges that jail staff at the Virginia Beach Correctional Center violated his Eighth Amendment rights. For the reasons stated below, the action will be dismissed without prejudice.

### I.

On December 1, 2009, Plaintiff filed a motion for leave to proceed *in forma pauperis*. The Clerk conditionally docketed Plaintiff's *pro se* Complaint pending the receipt of information concerning Plaintiff's inmate trust account. On March 2, 2010, this Court granted Plaintiff leave to proceed *in forma pauperis*, and the action was filed.

Plaintiff's Complaint named three defendants: (1) the City of Virginia Beach; (2) R. Mireles, a Classification Officer; and (3) Unknown, Head of Classification (all collectively, "Defendants"). By Memorandum Order dated August 25, 2010, this Court ordered Plaintiff to serve Defendants within 120 days. (Aug. 25, 2010 Mem. Order 1

(citing Fed. R. Civ. P. 4(m)), ECF No. 17.) The Court advised that "[a]lthough it ultimately remains Plaintiff's responsibility to complete service of process, the Court will attempt to serve Defendants pursuant to an informal service agreement with the Attorney General's Office...." (*Id.*)

The Court attempted to serve Defendants as indicated, but the Attorney General's Office was unable to accept service of process for Defendants because the Virginia Beach Correctional Center is a local facility. (Letter from Alan Katz, Senior Assistant Attorney General, to Fernando Galindo, Clerk of Court, U.S. District Court for the Eastern District of Virginia (Aug. 27, 2010), ECF No. 18.)

By Memorandum Order entered on October 1, 2010, the Court directed the U. S. Marshal to serve Defendants at the addresses provided by Plaintiff. The summons for the City of Virginia Beach was returned executed on January 13, 2011. As to R. Mireles and "Unknown, Head of Classification," however, the Marshal was unable to perfect service.[1]

On January 21, 2011, the Court received a letter from Plaintiff inquiring how he should proceed to effect service on the two unserved defendants. By Memorandum Order dated March 17, 2011, the Court informed Plaintiff that notwithstanding his incarceration, he remained responsible for providing information sufficient to serve Defendants in accordance with Rule 4(m) of the Federal Rules of Civil Procedure. (Mar. 17, 2011

---

[1] The Virginia Beach Sheriff's Department would not accept service of process for R. Mireles because he no longer worked for the Department. (ECF No. 34.) Likewise, the Department could not accept service for "Unknown" because no defendant's name was specifically stated on the process. (ECF No. 33.)

Mem. Order 1 (citing *Lee v. Armontrout*, 991, F.2d 487, 489 (8th Cir. 1993); *Geter v. Horning Bros. Mgmt.*, 502 F. Supp. 2d 69, 70 n.3 (D.D.C. 2007)).)

On April 4, 2011, the Court received from Plaintiff a letter advising that he did "not wish to pursue action against the City of Virginia Beach," but he wanted to proceed against R. Mireles and Unknown. (Pl.'s Letter Mot. 1, ECF No. 39.) As to those defendants, Plaintiff asserted that he is "able to attain a Motion To Compel Discovery," and "the jail should be forced by this court to disclose & provide any known adress [sic] & telephone number of each individual stated in claim, as well as the full name of head of classification at time of incidents." (*Id.*) In conclusion, Plaintiff stated that he is "hereby exercising both Rules 37 & 26." (*Id.*) Service has not yet been perfected as to R. Mireles or the Unknown Head of Classification.

## II.

The Court first addresses Plaintiff's assertion that he does "not wish to pursue action against the City of Virginia Beach." (Pl.'s Letter Mot. 1.) The Court construes this portion of the letter as a motion to amend Plaintiff's Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. That motion will be granted, and the City of Virginia Beach will be dismissed from this action.

As to R. Mireles and Unknown, Plaintiff's letter is best read as a motion to compel disclosure under Rule 37 of the Federal Rules of Civil Procedure. A motion to compel under Rule 37 will not be granted absent "a certification that the movant has in good faith

3

conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Plaintiff here asserts that he "spoke to a jail official before [Plaintiff] was transferred[] [w]ho stated not that there wasn't a adress [sic] in jail records to locate R. Mireles & reveal head of classification, but that the jail would not give [Plaintiff] the needed information so the claim could be served." (*Id.*) The unnamed "jail official" with whom Plaintiff spoke, however, is not a party to this action.[2] Plaintiff's vague assertion is insufficient to support entry of an order compelling discovery under Rule 37.

Greater than 290 days have elapsed since this Court ordered Plaintiff to serve Defendants. That is more than twice the length of time permitted by Rule 4(m). Plaintiff has not sought an extension of time in which to serve process.[3] Ultimately, Plaintiff has not made "reasonable and diligent efforts to effect service." *United States v. Sea Bay Dev. Corp.*, No. 2:06cv624, 2007 WL 1378544, at *5 (E.D. Va. May 8, 2007) (quoting *Quann v. Whitegate-Edgewater*, 112 F.R.D. 649, 661 (D. Md. 1986)). Accordingly,

---

[2] To the extent that Plaintiff seeks an order compelling disclosures from a person not a party, it is well settled that Rule 37 "is of limited application when applied to non-parties. It can only be used to order a non-party to answer written and oral questions under Rules 30 and 31." *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1341 (8th Cir. 1975); *cf. Newmark v. Abeel*, 106 F. Supp. 758, 759 (S.D.N.Y. 1952) ("There is no authority for the service of a subpoena duces tecum on a person not a party for purposes of discovery, in the absence of the taking of a deposition") (quoted in *Jones v. Cont'l Cas. Co.*, 512 F. Supp. 1205, 1207 (E.D. Va. 1981)).

[3] "'Inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service'" do not establish good cause. *Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting *Vincent v. Reynolds Mem'l Hosp.*, 141 F.R.D. 436, 437 (N.D. W. Va. 1992)).

Plaintiff's claims against R. Mireles and Unknown must be dismissed without prejudice. *See Mendez v. Elliot*, 45 F.3d 75, 78–79 (4th Cir. 1995).

## III.

For the reasons stated above, Plaintiff's letter motion to amend will be granted, and the City of Virginia Beach will be dismissed as a defendant. Plaintiff's letter motion to compel disclosure, however, will be denied. The claims against Defendants R. Mireles and "Unknown, Head of Classification" will be dismissed for failure to timely serve. The action will be dismissed without prejudice.

An appropriate Order will accompany this Memorandum Opinion.

_____/s/_____
Henry E. Hudson
United States District Judge

Date: June 30, 2011
Richmond, Virginia